**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4447-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RAVEN S. HARRIS, a/k/a/
RAVEN HARRIS,

     Defendant-Appellant.

_____

Submitted January 11, 2021 – Decided April 14, 2021

Before Judges Fasciale and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Accusation No. 09-01-0041.

Joseph E. Krakora, Public Defender, attorney for appellant (Marc R. Ruby, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Lillian Kayed, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from an April 11, 2019 order denying her petition for post-conviction relief (PCR). Defendant argues that her plea counsel rendered ineffective assistance by failing to obtain store surveillance video of the crime and by failing to apply for pretrial intervention (PTI). Judge Sheila A. Venable entered the order denying PCR and rendered a seventeen-page written decision. Judge Venable found that the petition is time-barred under Rule 3:22-12(a)(1). Judge Venable nonetheless considered defendant's petition on the merits and concluded that defendant failed to establish a prima facie case sufficient to order an evidentiary hearing much less to vacate defendant's guilty plea. We affirm substantially for the reasons set forth in Judge Venable's thorough and thoughtful written opinion.

I.

We presume the parties are familiar with the relevant facts and procedural history leading to this appeal. We therefore only briefly summarize those circumstances, which are fully recounted in Judge Venable's written opinion. In January 2009, defendant waived indictment and pled guilty to stealing a wallet containing $600 at a UPS store at which she was a new employee. The wallet belonged to another UPS employee. After the theft was reported, defendant received a telephone call from a UPS loss prevention specialist who investigated

the incident. Defendant came back to the store and returned the stolen wallet. She initially returned only $500 of the $600 that had been stolen, but eventually returned the remaining $100.

Defendant pled guilty to third-degree theft pursuant to a plea agreement and on April 3, 2009 received the recommended sentence of three years probation. Defendant did not file a direct appeal and successfully completed probation. In October 2018—almost ten years after sentencing—defendant filed a pro se PCR petition.

Defendant raises the following arguments for our consideration:

> I. SINCE HARRIS HAS DEMONSTRATED EXCUSABLE NEGLECT FOR HER UNTIMELY PETITION, THE FIVE-YEAR STATUTE OF LIMITATIONS SHOULD BE RELAXED, AND EVEN IF HARRIS DID NOT DEMONSTRATE EXCUSABLE NEGLECT, JUSTICE STILL REQUIRES RELAXATION OF THE STATUTE
>
> II. THIS MATTER SHOULD BE REMANDED FOR AN EVIDENTIARY HEARING, BECAUSE HARRIS' DEFENSE COUNSEL DID NOT EFFECTIVELY REPRESENT HER, AS DISCUSSED UNDER SUB-HEADINGS A & B
>
>> A. THE CRIMINAL DIVISION'S FINDING THAT HARRIS' ATTORNEY'S FAILURE TO REQUEST HIGHLY RELEVANT VIDEO FOOTAGE, FELL BELOW THE STANDARD OF CARE, IS INCONSISTENT WITH THE DECISION DENYING HARRIS'

INEFFECTIVE-ASSISTANCE-OF-COUNSEL CLAIM

B. HARRIS WAS ENTITLED TO APPLY FOR PRE-TRIAL INTERVENTION, DESPITE HAVING A JUVENILE RECORD, AND THE CRIMINAL DIVISION'S HOLDING IMPROPERLY SPECULATED THAT HER APPLICATION WOULD HAVE BEEN DENIED

II.

We begin our analysis by acknowledging the legal principles governing this appeal. PCR is not a substitute for direct appeal. R. 3:22-3. Rather, it serves the same function as a federal writ of habeas corpus. State v. Preciose, 129 N.J. 451, 459 (1992). When petitioning for PCR, a defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. Ibid. The defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

Rule 3:22-12(a)(1) provides that a PCR petition must be filed within five years after the date of the entry of the judgment of conviction being challenged. That five-year deadline may be relaxed if the petition "alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were

4

found to be true enforcement of the time bar would result in a fundamental injustice[.]" R. 3:22-12(a)(1)(A).

Both the Sixth Amendment of the United States Constitution and Article 1, paragraph 10 of the State Constitution guarantee the right to effective assistance of counsel at all stages of criminal proceedings. Strickland v. Washington, 466 U.S. 668, 686 (1984) (citing McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)); State v. Fritz, 105 N.J. 42, 58 (1987). To establish a violation of the right to the effective assistance of counsel, a defendant must meet the two-part test articulated in Strickland. Fritz, 105 N.J. at 58. "First, the defendant must show that counsel's performance was deficient." Strickland, 466 U.S. at 687. "Second, the defendant must show that the deficient performance prejudiced the defense." Ibid.

To meet the first prong of the Strickland/Fritz test, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Ibid. Reviewing courts indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 689. Furthermore, in determining whether defense counsel's representation was deficient, "'[j]udicial scrutiny . . . must be highly deferential,' and must avoid viewing the

5

performance under the 'distorting effects of hindsight.'" State v. Norman, 151 N.J. 5, 37 (1997) (quoting Strickland, 466 U.S. at 689).

The second Strickland prong is especially demanding. Counsel's errors must create a "reasonable probability" that the outcome of the proceedings would have been different than if counsel had not made the errors. Strickland, 466 U.S. at 694. This "is an exacting standard." State v. Gideon, 244 N.J. 538, 551 (2021) (quoting State v. Allegro, 193 N.J. 352, 367 (2008)). "Prejudice is not to be presumed," but must be affirmatively proven by the defendant. Ibid. (citing Fritz, 105 N.J. at 52, and Strickland, 466 U.S. at 693.). Furthermore, to set aside a guilty plea based on ineffective assistance of counsel, a defendant must show "'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration in original) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

Short of obtaining immediate relief, a defendant may show that an evidentiary hearing is warranted to develop the factual record in connection with an ineffective assistance claim. Preciose, 129 N.J. at 462–63. The PCR court should grant an evidentiary hearing only where (1) a defendant is able to prove a prima facie case of ineffective assistance of counsel, (2) there are material

issues of disputed fact that must be resolved with evidence outside of the record, and (3) the hearing is necessary to resolve the claims for relief. R. 3:22-10(b). To meet the burden of proving a prima facie case, a defendant must show a reasonable likelihood of success under the Strickland test. Preciose, 129 N.J. at 463.

As a general proposition, we defer to a PCR court's factual findings "'when supported by adequate, substantial and credible evidence.'" State v. Harris, 181 N.J. 391, 415 (2004) (quoting Toll Bros., Inc. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)). However, when the PCR court does not hold an evidentiary hearing, we "may exercise de novo review over the factual inferences drawn from the documentary record[.]" Id. at 421 (citing Zettlemoyer v. Fulcomer, 923 F.2d 284, 291 n.5 (3d Cir. 1991)).

### III.

Because we affirm for the reasons explained in Judge Venable's cogent and comprehensive written opinion, we need not re-address defendant's arguments at length. We add the following comments.

We agree that defendant's petition is time-barred and that she failed to demonstrate excusable neglect to justify filing the petition almost five years after the expiration of the five-year deadline. Defendant claims she was not

A-4447-18

notified at sentencing of the right to file a PCR petition or the time frame for doing so. We recognize, as did Judge Venable, that the appellate rights form defendant received at the sentencing hearing did not include notice of the time limitation for PCR petitions. Defendant pled guilty and was sentenced before that form was revised in 2010. We therefore accept defendant's claim that she had not been advised of her right to file a petition for PCR and the time frame within which to do so. We do not believe, however, that all defendants sentenced before the form was revised are entitled to file late petitions. In this instance, we agree with Judge Venable that defendant has not demonstrated that enforcement of the deadline would constitute a fundamental injustice. We appreciate that defendant now regrets having an adult criminal conviction on her record. An untimely PCR petition, however, is not a substitute for an application for expungement. We nonetheless elect to review defendant's PCR contentions on their merits, as did Judge Venable.

Judge Venable concluded that plea counsel's investigation was deficient for failing to obtain the UPS store surveillance video of the theft. We agree. That surveillance video was explicitly mentioned in the police report and counsel was obligated to obtain the video and review it. However, we also agree with Judge Venable that defendant was not prejudiced by counsel's inadequate

8

investigation. The record shows that an eyewitness claimed to have observed defendant exiting the room from which the co-worker's wallet was taken and defendant returned the stolen wallet after being contacted by the store loss prevention specialist. The video therefore was not exculpatory, and only depicts what defendant admitted to in the plea colloquy.

In these circumstances, the outcome would not have been different had counsel obtained the surveillance video. Despite defendant's current claim, we believe it is implausible that she would have rejected the favorable plea offer and gone to trial based on the store surveillance video in view of the overwhelming evidence of guilt as reflected in the undisputed fact that she had possession of the stolen wallet.

We also agree with Judge Venable that defendant has failed to establish that she probably would have been admitted to PTI had counsel made application to that program on defendant's behalf. Defendant—who was eighteen years old at the time of the theft—had a very serious juvenile record that includes adjudications for robbery, aggravated assault, and violation of probation. See State v. Brooks, 175 N.J. 215, 228 (2002) (permitting prosecutor to consider juvenile adjudications of delinquency when evaluating PTI applications). Defendant's claim that she would have been admitted to PTI had she applied is

mere speculation. Defendant has thus failed to establish that the prosecutor would probably have consented to PTI had an application been made, or that the prosecutor's exercise of discretion would have been overruled under the patent and gross abuse standard of judicial review. See State v. Leonardis, 71 N.J. 85, 121 (1976). Accordingly, defendant has failed to establish prejudice under the second prong of the Strickland/Fritz test.[1]

We add that there is no basis for conducting an evidentiary hearing. Accepting that plea counsel's performance was deficient, there are no material issues of disputed fact that must be resolved with evidence outside of the record. Accordingly, a hearing is not necessary to resolve defendant's claims for relief. Preciose, 129 N.J. at 462; R. 3:22-10(b).

To the extent we have not addressed them, any remaining arguments raised by defendant lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] In view of the apparent likelihood the prosecutor would have rejected an application for PTI based on defendant's significant and then-recent juvenile history, we need not decide whether counsel's failure to apply for PTI constitutes constitutionally deficient assistance under the first prong of the Strickland/Fritz test. Cf. State v. Worlock, 117 N.J. 596, 625 (1990) (citing Strickland, 466 U.S. at 688; Fritz, 105 N.J. at 52) ("The failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel.").

A-4447-18